UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ROWDY ASBELL,

    Plaintiff,

  v.

RDF, INC.,

    Defendant.

Case No. 3:24-cv-01743-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on a motion to vacate and set aside default judgment and file answer instanter. (Doc. 10). The defendant filed their motion on September 3, 2024. Being duly advised in the premises having fully considered the issues and arguments raised, the Court **GRANTS** the motion.

On July 19, 2024, the plaintiff filed his complaint against the defendant, RDF, Inc. ("RDF"). (Doc. 1). After receiving no response, the plaintiff moved for an entry of default. (Doc. 7). Consequently, on August 28, 2024, the clerk of court entered default against RDF. (Doc. 10). Six days later, on September 3, 2024, RDF entered an appearance, moved to vacate default judgment, and filed their answer. (Docs. 9–11). In their motion, RDF's counsel stated that he is a solo practitioner who was ill with a Covid-19 infection for a week. As a result of his illness, he was unaware or unable to file RDF's answer to the complaint. RDF reached out to plaintiff's counsel and indicated there was no objection to the motion.

Under Local Rule 7.1(b)(2)(A), the plaintiff had fourteen (14) days to file a response or objection to the motion. Sixteen (16) days have passed since RDF filed their motion with no objection from the plaintiff. The Court presumes that the plaintiff's inaction confirms RDF's

assertion that the motion to vacate is unopposed.

While the defendant's motion is tilted as a motion to vacate default judgment, as there has been no default judgment in this case, the Court infers the defendant to mean vacate the entry of default. "In order to vacate an entry of default the moving party must show: (1) good cause for default (2) quick action to correct it and (3) meritorious defense to plaintiff's complaint." *Pretzel & Stouffer v. Imperial Adjusters*, 28 F.3d 42, 45 (7th Cir. 1994) (citing *United States v. Di Mucci*, 879 F.2d 1488, 1495 (7th Cir. 1989)). Illness or incapacity of legal counsel demonstrates good cause; the promptness of the motion demonstrates quick action to correct it; and the answer to the complaint presents a meritorious defense.

### **CONCLUSION**

For the reasons stated above, the Court hereby **GRANTS** the motion to vacate the entry of default. (Doc. 10). Accordingly, the Court **VACATES** the clerk's entry of default against the defendant. (Doc. 8).

**IT IS SO ORDERED.**
**DATED:  September 19, 2024**

*s/ J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**